NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**\*Revised: February 25, 2010**

2009-1107, -1122

ALLOC, INC. and BERRY WOOD S.A.,

Plaintiffs-Cross Appellants,

v.

PERGO, INC.,

Defendant-Appellant,

and

PERGO AB,

Defendant.

--------------------------------------------------------------------------------

PERGO, INC. and PERGO (EUROPE) AB,

Plaintiffs-Appellants,

v.

ALLOC, INC., and ARMSTRONG WORLD INDUSTRIES,

Defendants-Cross Appellants,

and

BERRY FINANCE N.V.,

Defendant-Appellee.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for defendant-appellant, Pergo, Inc., and plaintiffs-appellants, Pergo, Inc., et al. With him on the brief were Don O. Burley and John M. Williamson. Of counsel on the brief were Edward V. Filardi and Douglas R. Nemec, Skadden, Arps, Slate, Meagher & Flom LLP, of New York, New York.

David I. Roche, Baker & McKenzie LLP, of Chicago, Illinois, argued for plaintiffs-cross appellants and defendants-cross appellants Alloc, Inc., et al., and defendant-appellee, Berry Finance N.V. With him on the brief were Daniel J. O'Connor, Edward K. Runyan and Daniel A. Tallitsch.

Appealed from: United States District Court for the Eastern District of Wisconsin

Judge J.P. Stadtmueller

* Revised to add attorney's name (Daniel J. O'Connor)

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1107, -1122

ALLOC, INC. and BERRY WOOD S.A.,

Plaintiffs-Cross Appellants,

v.

PERGO, INC.,

Defendant-Appellant,

and

PERGO AB,

Defendant.

-------------------------------------------------------------------------------

PERGO, INC. and PERGO (EUROPE) AB,

Plaintiffs-Appellants,

v.

ALLOC, INC., and ARMSTRONG WORLD INDUSTRIES,

Defendants-Cross Appellants,

and

BERRY FINANCE N.V.,

Defendant-Appellee.

Appeals from the United States District Court for the Eastern District of Wisconsin in consolidated case nos. 02-CV-0736 and 03-CV-616, Judge J.P. Stadtmueller.

DECIDED:  February 18, 2010

Before LOURIE and DYK, <u>Circuit Judges</u>, and KENDALL,[*] <u>District Judge</u>.

KENDALL, <u>District Judge</u>.

Pergo (Europe) AB and Pergo, Inc. (collectively "Pergo") appeal from the judgment of the United States District Court for the Eastern District of Wisconsin denying its motion for judgment as a matter of law ("JMOL") or for a new trial on invalidity of claims 7 and 10-12 of U.S. Patent 6,421,970 ("the '970 patent") and claim 32 of U.S. Patent 6,397,547 ("the '547 patent").  Alloc, Inc., Berry Wood S.A., and Armstrong World Industries (collectively "Alloc") cross-appeal from the district court's finding that Pergo did not engage in inequitable conduct.  Because we find no error regarding any of the issues presented on appeal, we <u>affirm</u>.

Pergo and Alloc are direct competitors in the field of laminate flooring.  Pergo owns the '970 and '547 patents, which relate to mechanical joints that enable flooring panels to be joined without the use of glue or other fasteners, such as nails or metal clips.  Alloc brought a declaratory judgment action against Pergo seeking a declaration that the '970 and '547 patents were invalid, unenforceable, and not infringed.  Pergo counterclaimed for infringement of both patents.

Infringement and validity of the '547 and '970 patents were tried to a jury, with the jury finding that both patents were invalid on multiple grounds and not infringed.  Pergo

---

[*]        The Honorable Virginia M. Kendall, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

subsequently filed a motion for JMOL or a new trial arguing, among other things, that the '547 and '970 patents were not invalid as obvious. The district court denied Pergo's motion. Unenforceability was then tried to the district court, which held that Pergo did not engage in inequitable conduct.

On appeal, Pergo challenges the district court's finding that claims 7 and 10-12 of the '970 patent and claim 32 of the '547 patent are invalid as obvious, and Alloc challenges the district court's finding that Pergo did not engage in inequitable conduct. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Reviewing the district court's denial of a motion for JMOL or for a new trial de novo, see Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1341 (Fed. Cir. 2009), but not reweighing the evidence or substituting our own credibility determinations for those of the jury, we see no error in the court's determination of obviousness.

The nine prior art references for claim 32 of the '547 patent were more than sufficient to support the jury's finding of obviousness. They included: 1) Aoki, 2) Baker, 3) Piodi, 4) Weber, 5) Kajiwara, 6) Pervan PCT application, 7) Pervan Swedish Publication, 8) Alloc aluminum edged products from the 1996 Domotex trade show, and 9) Pervan products from the 1994 meetings between Darko Pervan and Pergo. For claims 7 and 10-12 of the '970 patent, the jury reviewed these same nine references and three additional references: 1) Moriau, 2) Fiboloc product and literature, and 3) Uniclic products. All of these prior art references were listed in question number 12 on the jury's special verdict form.

On appeal, Pergo also challenges the district court's denial of its motion for JMOL or for a new trial on infringement and invalidity based on derivation and

enablement. Because the court's finding on obviousness is dispositive of Pergo's appeal we need not address these arguments. However, although we need not reach the infringement analysis, we note that the district court surprisingly presented the claim construction to the jury. Claim construction has always been a legal issue for the court and not within the fact-finding role of a jury. Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1366 (Fed. Cir. 2004). The district court's submission of the claim construction to the jury, leaving the jury free to make its own determination of the meaning of the claims, was error. Here, the error is harmless due to our obviousness ruling but the district court's procedure is not one supported by the law. Id. at 1366-67.

The district court's inequitable conduct determination is reviewed under a two-tier standard; the underlying factual determinations are reviewed for clear error, but the ultimate decision as to inequitable conduct is reviewed for an abuse of discretion. See Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1364-65 (Fed. Cir. 2007). Inequitable conduct requires proof, by clear and convincing evidence, that a patent applicant: 1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information and 2) did so with an intent to deceive. See id. at 1363. With respect to materiality, "information is material when a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent"; information is not material if it is cumulative of other information already disclosed. Star Scientific v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1367 (Fed. Cir. 2008). With regard to deceptive intent, intent cannot be inferred solely from the fact that information was not disclosed; though non-disclosure may

support a finding of intent.  See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 439 F.3d 1335, 1340 (Fed. Cir. 2006).

The district court did not abuse its discretion in denying Alloc's inequitable conduct claim.  The court held that Pergo did not withhold material prior art, namely, the Pervan PCT application and Swedish patent, during the prosecution of the '970 and '547 patents, because the prior art references were cumulative, and Pergo's patent attorneys, Yngve Stenberg ("Stenberg") and Thomas Pavelko ("Pavelko"), did not have an intent to deceive.  In making its finding, the court relied on all of the evidence presented during the bench trial including Pergo's technical expert's testimony.  The court also considered Stenberg's and Pavelko's testimony that the PCT application and Swedish patent were cumulative because the PCT application provided the same disclosures as the U.S. Pervan patents, which were already before the PTO, and that the PCT application was expressly referenced on the face of U.S. Patent 5,706,621, which had also been disclosed.  Stenberg and Pavelko also testified that they did not view the Pervan PCT application and Swedish patent as material because the Swedish patent was directed toward a glue-based system while the patents-in-suit are directed to purely mechanical systems, and the PCT application, unlike the patents-in-suit, teaches joints with "play."

Ultimately, the court found Pavelko's and Stenberg's testimony to be credible.  Because the record provides a reasonable basis for the district court's determination that Alloc failed to carry its burden to prove, by clear and convincing evidence, that Stenberg and Pavelko had an intent to deceive and that the Pervan PCT application

and Swedish patent were material and non-cumulative, its decision that Pergo did not engage in inequitable conduct was not an abuse of discretion.

For the aforementioned reasons, we affirm.